# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GEORGE BOLDEN,<br><br>       Plaintiff,<br><br>  v.<br><br>QUIKTRIP CORPORATION,<br><br>       Defendant. | 1:18-cv-723-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff George Bolden's ("Plaintiff") Motion to Remand [5] ("Motion"). Defendant QuikTrip Corporation ("QuikTrip") did not file an opposition.

## I. BACKGROUND

Plaintiff filed this action in the State Court of Gwinnett County seeking damages from a slip and fall at a QuikTrip store. ([1] at 6-11). Plaintiff requests an award of "current medical special damages" in the amount of $11,154.48, "future medical special damages from Defendant in an amount to be provided prior to trial," and "general damages from Defendant in accordance with the enlightened conscience of an impartial jury," and interest and costs. ([1] at 10).

On February 20, 2018, Defendant filed a Notice of Removal [1]. Defendant alleged diversity jurisdiction, stating that Plaintiff's requested "damages will allegedly exceed $75,000." ([1] at 2).

On March 21, 2018, Plaintiff filed the instant Motion to Remand [5] this action to the State Court of Gwinnett County. Plaintiff contends that "Defendant's unsupported allegation contained in the notice of removal that 'these damages will allegedly exceed $75,000' does not meet the jurisdictional requirements of establishing federal diversity jurisdiction under 28 U.S.C. § 1441(b)." ([5.1] at 3). Defendant did not file an opposition to the Motion.

## II.  DISCUSSION

### A.  Legal Standards

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013). When jurisdiction is based on diversity, the removing defendant, by a preponderance of the evidence, must prove that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Lowery v. Alabama Power Co., 483 F.3d 1184, 1210 (11th Cir. 2007). Defendant must show that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a); Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x

480, 481 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319–20. "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

    B.    <u>Analysis</u>

Defendant basis removal on diversity jurisdiction. There is no dispute that the parties in this case are of diverse citizenship. The only jurisdictional question is whether the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

Because removal is only permissible when Plaintiff's claim could have been filed in federal court originally, the Court looks to Plaintiff's claim to determine whether removal was appropriate. Plaintiff's complaint specifically requests $11,154.48 in damages. That amount is far below the jurisdictional threshold of $75,000. Burns, 31 F.3d at 1095 (no jurisdiction existed on the face of plaintiff's claim where damages alleged were $5,000 below the threshold).

That Plaintiff also seeks unspecified "future medical special damages" and "general damages" from Defendant does not establish a proper basis for jurisdiction. Defendant has not provided any evidence supporting its assertion that

"damages will allegedly exceed $75,000." ([1] at 2); Williams, 269 F.3d at 1319–20 (conclusory allegation that jurisdictional amount is satisfied is insufficient to support removal jurisdiction). Nor can the Court reasonably conclude without additional evidence that total damages will exceed $75,000 given that the specific amount sought by Plaintiff ($11,154.48) falls well short of the threshold. To reach such a conclusion, the Court would necessarily need to engage in impermissible speculation—evaluating without the benefit of any evidence the value of Plaintiff's claims. Lowery v. Alabama Power Co., 483 F.3d 1184, 1220 (11th Cir. 2007).

The possibility that Defendant may seek or recover more damages in the future is insufficient to support federal jurisdiction now. This Court does not have removal jurisdiction under 28 U.S.C. § 1441(b) because Defendant has not shown the amount in controversy exceeds the statutory threshold of $75,000.00.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff George Bolden's Motion to Remand [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the State Court of Gwinnett County.

**SO ORDERED** this 26th day of April, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE